**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT (HARTFORD)**

DANIEL-JOSEPH THOMAS,                                                 CASE NO. 3:24-cv-00402-KAD
              Plaintiff,

vs.

TRANSUNION,
              Defendant.                                                            April 25, 2024

**TRANS UNION LLC.'S MOTION TO CONSOLIDATE**

Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure and Local Rule 42, Defendant Trans Union, LLC, ("Defendant") hereby moves to consolidate this action (the "Trans Union Action") with two other cases that pro se Plaintiff commenced and that are pending in the Connecticut District Court: *Daniel-Joseph Thomas v. Experian*, No. 3:24-cv-00416-SVN (the "Experian Action"), and *Daniel-Joseph Thomas v. Equifax*, No. 3:24-cv-00437-JAM (the "Equifax Action"). The Experian Action, the Trans Union Action, and the Equifax Action are collectively referred to herein as the "Thomas Actions" and the defendants in the Thomas Actions are referred to herein collectively as the "CRA Defendants."

This Motion should be granted in these purported Fair Credit Reporting Act cases where pro se Plaintiff has submitted nearly identical complaints and supporting exhibits in each of the three matters and the defendants in the Experian Action and the Equifax Action intend to file, if they have not already, related motions to consolidate these cases, because:

1) The nearly identical claims of alleged violations of the FCRA are based upon the same alleged inaccuracy and consolidating these cases will increase efficiency and save judicial resources.

1

## I.   <u>STATEMENT OF FACTS</u>

Plaintiff initially filed the Thomas Cases on or about February 23, 2024, in Connecticut Superior Court for the Judicial District of New Britain. The CRA Defendants each removed Plaintiff's cases to this court in late-March 2024. Plaintiff's two-page, unsigned complaint in each of the Thomas Cases is identical, apart from the identity of the CRA Defendant to which each is directed.

Plaintiff alleges:

> I invested copious hours researching then communicating with [CRA Defendant] via phone, U.S. Mail, [CRA Defendant] website and [CRA Defendant] mobile app. regarding the disputed account. I provided evidence to the Defendant showing the creditor for the violative account failed to validate the debt and remained non-compliant with all aspects of state and federal laws including FCRA, CDIA and METRO 2 guidelines for 180 days.
>
> Defendant engaged in banned abusive practices, and ignored my legal notices beyond 180 days. Defendant continued to report the same erroneous information on my consumer file, and the violations had a negative impact on my personal reputation and loss of business opportunities. (See Exhibit : Credit Report; Memorandum of Law including Notice to Cease and Desist; And Exhibit's: Legal Notices and U.S. Mail Receipts)
>
> 2. [CRA Defendant] experienced data breaches, which means everything on my consumer credit report was breached. I had to invest time to research the breach, submitted the opt-out request to be removed from the [CRA Defendant] database, and I submitted a request to opt-out from the arbitration clause. Next, I devoted time communicating with the CFPB and submitted complaints about [CRA Defendant]. (See: Exhibit)
>
> 3. Defendant committed breach of trust and failed to provided Plaintiff with basic customer service upon acquiring the account, most likely due to their history of excessive abuse of process and ignoring consumer complaints in violation of consumer laws; hence 1-star reviews submitted by over 10K customers. (See Exhibit : [CRA Defendant] Data Breach and Reviews)
>
> 4. Plaintiff respectfully request the Court take judicial notice of the above prima facie evidences and due process of law, the Court enter Summary

> Judgement for financial harm to my personal reputation, loss of business opportunities and emotional distress as a direct result of Defendant's violative acts against me. (See Exhibit : Financial Documents) •

> My prayer for relief is to receive $·1000 per day of the violation x 369 days for a total of $369,000, and the removal of the violative status on my consumer report; And $1,000,000 in Punitive or Exemplary Damages for emotional distress; And any other sanctions as it pleases the Court for a business that engages in intentional neglect and disregard of my consumer rights pursuant to 15 USC 1681i.

Plaintiff referenced and attached exhibits in each of his Complaints regarding Equifax and Experian which are essentially identical to Plaintiff's exhibits in this matter filed on April 11, 2024. See Doc. No. 13. The only difference between the exhibits in the Thomas Actions are the name of the identify to which communications from Plaintiff were addressed.

Each of the Thomas Actions is in the pleading phase, discovery has not yet commenced, and there are no pending dispositive motions.

## II.      LAW AND ARGUMENT

Under Rule 42(a)(2) of the Federal Rules of Civil Procedure, the district court may consolidate actions "involving a common question of law or fact." Fed. R. Civ. P. 42(a). Courts have "broad discretion to determine whether consolidation is appropriate" and have typically "taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).   "Judicial economy, general efficiency, and consistent adjudication generally favor consolidation, but a court must balance these considerations against the risks of prejudice and jury confusion. Consolidation is appropriate when actions share common parties, factual allegations, and legal issues, even if they are not in identical procedural postures." *Cliner v. Edgewell Personal Care Brands, LLC*, No. 3:21-cv-01040 (JAM), 2022 WL 1396139, at *2 (D. Conn. Mar. 29, 2022) (citations omitted).

Here, the balance of factors favors consolidation. The Thomas Actions were filed by the same plaintiff and involve identical allegations, only differing as to which CRA Defendant the is identified in each action. Additionally, because the Thomas Actions were filed at the same time and removed to this Court only days apart, they each remain at the pleading stage with no significant advancement in the litigations.

While Plaintiff's allegations are less than clear, it appears that he is alleging that the CRA Defendant's reporting of his non-payment history in connection with the debt plaintiff owes to Select Portfolio Servicing, Inc. was erroneous and was not removed when disputed by Plaintiff. As such, the foundational factual issue is identical in each case: whether the CRA Defendant's reported allegedly inaccurate information because it failed to maintain reasonable procedures to ensure the maximum possible accuracy of information as it relates to Plaintiff's non-payment history in connection with the debt plaintiff owed to Select Portfolio Services, Inc. The Thomas Actions also involve common questions of law in that they each will involve questions concerning the duties the CRA Defendants owed to Plaintiff and whether the CRA Defendants' actions in response to Plaintiff's efforts to dispute items on his credit report satisfied those duties (which they did).

Trans Union does not believe the possibility of any undue prejudice or confusion exists to any party resulting from consolidation.

## III.    <u>CONCLUSION</u>

Given the largely identical factual and legal issues, the proximity in filing, the similar procedural posture, and the pendency of all three actions in this District, Defendant respectfully requests that the Court consolidate this action with the Experian Action and the Equifax Action.

Dated: April 25, 2024                           Respectfully submitted,

*/s/ Ian N. Fuqua*
Ian N. Fuqua, Esq. (IN# 38195-49)
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds
  Winslett & Moser, P.C.
10333 N. Meridian St., Suite 200
Indianapolis, IN 46290
Telephone:  317-497-5600, Ext. 605
Fax:  317-899-9348
E-Mail: ifuqua@qslwm.com

*Lead Counsel for Defendant Trans Union, LLC*

Timothy J. Lee, Esq.  (CT 15118)
Fasano, Ippolito & Lee, LLC
388 Orange Street
New Haven, CT  06511
Telephone:  (203) 787-6555
Fax:  (203) 776-2119
E-Mail:  tlee@fillaw.com

*Counsel for Defendant Trans Union, LLC*

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **25th day of April, 2024**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| None. | |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **25th day of April, 2024**, properly addressed as follows:

| **Pro Se Plaintiff**<br>Daniel-Joseph Thomas<br>24 Unionville Ave.<br>Plainville, CT 06062 | |
|---|---|

*/s/ Ian N. Fuqua*

Ian N. Fuqua, Esq. (IN# 38195-49)
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett & Moser, P.C.
10333 N. Meridian St., Suite 200
Indianapolis, IN 46290
Telephone:  317-497-5600, Ext. 605
Fax:  317-899-9348
E-Mail: ifuqua@qslwm.com

*Lead Counsel for Defendant Trans Union, LLC*