# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIEL-JOSEPH THOMAS | ) | No. 3:24-cv-00402 |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRANSUNION, EXPERIAN | ) | FEBRUARY 6, 2025 |
| INFORMATION SOLUTIONS, INC., | ) | |
| EQUIFAX, | ) | |
| *Defendants.* | ) | |

## <u>MEMORANDUM OF DECISION</u>
### RE: [39] MOTION FOR JUDGMENT ON THE PLEADINGS; [41] MOTION FOR JUDGMENT ON THE PLEADINGS

Kari A. Dooley, United States District Judge:

Plaintiff Daniel-Joseph Thomas ("Plaintiff" or "Thomas"), proceeding *pro se*, commenced this action in New Britain Superior Court on March 26, 2024 against Defendants TransUnion, Experian Information Solutions, Inc. ("Experian"), and Equifax.[1]  *See generally* Complaint, ECF No. 1-3.  Plaintiff appears to claim that Defendants violated, *inter alia*, the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq* ("FCRA"), which caused damage to Plaintiff's reputation and a loss of business opportunities.  *Id.*  On March 31, 2024, Defendant TransUnion removed this case from state court pursuant to 28 U.S.C. § 1441.  *See* ECF No. 1.  On October 23, 2024, Defendants TransUnion and Equifax filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  ECF No. 39.  On October 31, 2024, Defendant Experian joined in Defendants TransUnion and Equifax's 12(c) Motion.[2]  *See* ECF No. 41.  Plaintiff did not

---

[1]  On May 23, 2024, the instant lead case against Defendant TransUnion was consolidated with member cases No. 3:24-cv-416 and No. 3:24-cv-437, wherein Plaintiff filed identical complaints against Defendants Experian and Equifax, respectively.  ECF No. 17.

[2]  For ease of reference, the Court will refer herein to the pending motions as, collectively, "Defendants' Motion for Judgment on the Pleadings," or "the 12(c) Motion."

file a timely opposition.  However, on February 4, 2025, in response to Defendants' related Motion to Stay Discovery, ECF No. 44, Plaintiff asserted arguments in opposition to the instant 12(c) Motion which the Court has considered.  *See* Pl. Response, ECF No. 47, at 2–4.  For the reasons set forth herein, Defendants' Motion for Judgment on the Pleadings is **GRANTED**.

**Allegations**

Even when liberally construed, it is quite difficult to decipher the purported claims set forth in Plaintiff's Complaint, and is indeed, a largely speculative undertaking.  Plaintiff appears to assert that, in connection with an unidentified "disputed account," he provided evidence to Defendants demonstrating that "the creditor for the violative account failed to validate the debt and remained non-compliant with all aspects of state and federal laws including FCRA, CDIA, and METRO 2 guidelines."  Complaint at 1.  According to Plaintiff, Defendants "engaged in banned abusive practices," and "continued to report the same erroneous information on my consumer file."  *Id.*  Plaintiff also emphasizes Defendant TransUnion's "data breaches," and further claims that Defendants "committed [a] breach of trust and failed to provide[] Plaintiff with basic customer service upon acquiring the account."  *Id.* at 1–2. In general, Plaintiff accuses Defendants of "engag[ing] in intentional neglect and disregard of my consumer rights" pursuant to 15 U.S.C § 1681i.  *Id.* at 2.

"[A]s a direct result of Defendant's violative acts," Plaintiff suffered "financial harm to [his] personal reputation," and unspecified "loss of business opportunities and emotional distress."  *Id.*  Plaintiff seeks a total of $1,369,000.00 in compensatory and punitive damages, as well as "the removal of the violative status on [his] consumer report."  *Id.*

**Standard of Review**

Rule 12(c) of the Federal Rules of Civil Procedure provides: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim. In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor. The court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle him to relief." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (internal citations omitted).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678.

**Discussion**

Defendants argue that the Complaint fails to state any claim because: (1) it is entirely unclear as to what specific laws or regulations Defendants are alleged to have violated; (2) the Complaint fails to include any factual allegations to inform Defendants, or the Court, as to what provisions of the FCRA are at issue in this case; and (3) Defendants cannot be liable for any purported violation of the CDIA and METRO 2 guidelines, as Plaintiff asserts. In response to Defendants' Motion to Stay Discovery, ECF No. 44, Plaintiff principally argues that the 12(c)

Motion is "null and void" because it is not supported by admissible evidence demonstrating "the existence of a valid contract to justify [Defendants'] actions."[3]  Pl. Response at 2–4.  The Court agrees with Defendants.

There is no question that the Complaint fails to adequately state any claim for relief. Rather, it "simply alleges violations of all state and federal laws including FCRA, CDIA, METRO 2, banned abusive practices, and breach of trust."  *See* 12(c) Motion at 5.  The Complaint does not identify with any particularity the laws or regulations Defendants allegedly violated, the mechanism by which such violations occurred, or any intelligible facts supporting Defendants' purported "banned abusive practices" and/or "breach of trust."  Indeed, the Complaint is bereft of any facts from which a narrative might be discerned.  In fact, it appears to be drafted so as to be intentionally vague.  Without more, Defendants and the Court are left to supposition, conjecture and speculation as to the relief sought and the basis for Defendants' purported liability.  *See Sec. & Exch. Comm'n v. Thompson*, 238 F. Supp. 3d 575, 587 (S.D.N.Y. 2017) ("To survive a motion to dismiss under [Rule 12(b)(6)], the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.") (internal quotation marks omitted).

Moreover, even if some factual narrative might be discernable, it is axiomatic that Plaintiff may not seek relief pursuant to the CDIA and/or METRO 2 guidelines.  Defendants correctly observe that "the CDIA is an *association* that 'promotes responsible use of consumer data to help consumers achieve their financial goals.'"  *See* 12(c) Motion at 5.  It is not a state or federal law that can be violated, and does not otherwise provide Plaintiff with a cause of action.  Similarly, the Court agrees with Defendants that METRO 2 is "not a state or federal law, rather, it is a standard

---

[3]  In light of his status as a *pro se* litigant, the Court has duly considered Plaintiff's untimely arguments in opposition to Defendants' 12(c) Motion.

electronic data reporting format created by the CDIA," and "not a statute itself that is capable of being violated." *See id.* Plaintiff's Complaint is patently frivolous in this regard.

As to the FCRA, this statute does "create[] a private right of action against credit reporting agencies for the negligent or willful violation of any duty imposed under the statute." *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995). But to state a claim against a consumer reporting agency for a violation of either Section 1681e(b) or Section 1681i of the FCRA, "a plaintiff must allege facts showing," *inter alia*, "that the disputed information was inaccurate." *Gross v. Priv. Nat'l Mortg. Acceptance Co.*, 512 F. Supp. 3d 423, 426 (E.D.N.Y. 2021). Here, the Complaint does not even identify what the "disputed information" was, let alone what was inaccurate about how the information was reported. Instead, Plaintiff vaguely alludes to a "violative account," a "fail[ure] to validate," an unidentified "disputed account," and Defendants' purported non-compliance with "all aspects of state and federal laws," without intelligibly specifying where and how Defendants erred. These allegations are plainly insufficient, and certainly do not give rise to an inference that Defendants negligently or willfully violated a duty imposed by the FCRA.

In light of the foregoing, the Court finds that the Complaint fails to adequately state any claim for relief against Defendants.[4]

<u>Leave to Amend</u>

The Court further concludes that dismissal of the Complaint with prejudice is appropriate under these circumstances. Plaintiff did not, in his opposition, seek leave to file an amended complaint. Nor has he given any indication that he is in possession of facts that would cure the

---

[4] Plaintiff's Complaint in the case against Defendant Equifax attaches approximately 80 pages of exhibits and affidavits. *See* No. 3:24-cv-437, ECF No. 1-2. The Court has reviewed these materials and finds that they do little to clarify Plaintiff's claims, and if anything, render it even more difficult to discern the relief he is seeking or the basis for that relief.

deficiencies identified herein or which might clarify the basis for his claims. *See Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014). Instead, he asserts that Defendants have not submitted any admissible evidence in support of their 12(c) Motion, and otherwise argues that "Defendants bear the burden of proving the existence of a valid contract to justify their actions." *See* Pl. Response at 2–3. First, it is utterly unclear to what Plaintiff is referring, as the argument is untethered to the Complaint and is therefore wholly illogical in the context of the 12(c) Motion. Further, even if the argument could be understood, Plaintiff puts the cart before the horse. Defendants have not sought summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and presently have no burden to "affirmatively demonstrate the absence of a genuine issue of material fact," or otherwise support their 12(c) Motion with "admissible evidence, including sworn affidavits or declarations from individuals with personal knowledge." *See id.* Rather, Defendants have asserted that the wholly conclusory allegations in the factually bereft Complaint do not state any ground for which relief may be granted, and it is therefore subject to dismissal in its entirety. And while the Court has accepted all factual allegations in the Complaint as true and drawn all inferences in Plaintiff's favor, as set forth above, the Complaint plainly fails to state any viable claim. *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) ("To survive a Rule 12(c) motion, the plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (citing *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010)). As such, because the Complaint is, in some respects, frivolous on its face, and absent either a request to amend the

Complaint, or any indication that the Plaintiff is actually in possession of facts which would cure the deficiencies identified herein, the Court concludes that a dismissal with prejudice is warranted.[5]

**Conclusion**

For all of the foregoing reasons, Defendants Motion for Judgment on the Pleadings is **GRANTED**, and the Complaint is **DISMISSED with prejudice**.  The Clerk of Court is instructed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of February 2025.

 /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

---

[5] Based upon many of Plaintiff's other filings, including his recent "utterly frivolous" *ex parte* submission, *see* ECF No. 48, the Court is confident that, if afforded leave to amend, Plaintiff would be unwilling or unable to file a pleading that comports with the requirements of Rule 8 of the Federal Rules of Civil Procedure.